On February 17th, 1932, decree was entered allowing the account of Henrietta May Hall and the Hudson County National Bank, the executors of the last will and testament of Robert S. Hudspeth, deceased, reserving in said decree the question whether a certain mortgage in the sum of $5,000 made by Pasquale Lepore and wife, covering property in Weehawken, New Jersey, was the property of Robert S. Hudspeth or of Henrietta May Hall, his sister, and one of the executrices of his estate, and referring that matter to a master in chancery with direction to ascertain and determine the same.
Testimony was taken by the master who reported that the mortgage was the property of Henrietta May Hall, and the orphans court, on October 20th, 1933, made its order confirming the master's report, and that order is now before me on appeal.
The deceased, a former judge of the court of common pleas of Hudson county, died November 9th, 1929, a resident of Morris county, leaving a last will and testament probated November 19th, 1929, naming his wife, Jessie Hudspeth, and his sister, Henrietta May Hall, as executrices. Inventory *Page 21 
and preliminary account in which the mortgage in question was set up as an asset was made and filed by them.
Jessie Hudspeth died, and the Hudson County National Bank designated and appointed under the terms of the will qualified as executor in her stead. Later, in the preparation of the final account, the fact that the mortgage in question was in the name of Henrietta May Hall by assignment from the original mortgagee was discovered and execution of an assignment by her to the estate was requested by the bank and refused. This fact was noted in the account and the orphans court was requested to determine the ownership of the mortgage.
The testimony does not reveal the circumstances surrounding the assignment of the mortgage to Mrs. Hall, except that the deceased in his lifetime represented the estate of George H. Donahue, and about the time of the settlement of that estate, the mortgage in question was assigned to Mrs. Hall by Walter Fred Clegg and Joseph W. Schellhorn, administrators of the estate. All checks for interest as it accrued under the mortgage were drawn to the order of Mrs. Hall. Some she endorsed and others were endorsed by Judge Hudspeth for deposit, but all such checks were deposited in his account.
It is clear from the testimony that while Mrs. Hall signed and swore to the inventory and preliminary account, she did so without knowing much, if anything, about her brother's affairs. He was a lawyer of high standing and reputation at the bar and she entrusted all of her affairs to him. The deceased in his lifetime looked after and cared for his relatives, including aged cousins and aunts. The position he occupied in the family is best described in the words of Mrs. Hall, wherein she said: "He was Scotch and he seemed to think he was the head of the clan and I'll tell you until the day of his death I did everything he asked me to."
The proof shows that at one time the deceased erroneously caused the cancellation of the mortgage in question in place of another which had been paid. He immediately instituted suit in the court of chancery in which suit he filed an affidavit *Page 22 
wherein he stated that Mrs. Hall was the owner of the mortgage. Letters in evidence written by him acknowledge ownership of the mortgage in Mrs. Hall. In one of these dated February 5th, 1918, he said: "I have received your favor of the 30th ult., enclosing check $150 order H.M. Hall, my client or 2 quarters interest on $5,000 mortgage at 6% * * *," and in the other, dated November 16th, 1918: "I received the check of seventy-five dollars ($75) on account of Mrs. Hall's mortgage for No. 39 Gregory avenue, Weehawken N.J." Aside from this testimony, the fact is that the legal title to the mortgage is in Mrs. Hall.
Although the burden of proof is upon the appellant, Hudson County National Bank, to show that the decedent paid the consideration for the assigned mortgage, there is no such evidence.
In the argument and brief for the appellant, Hudson County National Bank, it is contended that if Mrs. Hall rests her ownership on the theory of a gift inter vivos, the fact that her claim is asserted after the death of the donor must be regarded with suspicion, and that the rule of law which requires gifts to be established by clear and convincing evidence, applicable in such cases, is particularly applicable here where a confidential relation existed between the donor and donee.Wright v. Sanger, 101 N.J. Eq. 203. The right of Mrs. Hall does not rest upon a gift inter vivos, for the deceased had nothing to give. There is no evidence he owned the mortgage in question.
The further argument by appellant that the evidence establishes a resulting trust is untenable. The fact that there is no proof that Mrs. Hall paid the consideration for the assignment of the mortgage does not of itself give rise to the presumption of a resulting trust. Lovett v. Taylor, 54 N.J. Eq. 311. As a general rule the law will not presume a resulting trust except in a case of necessity, and the burden of establishing such a trust, as against the holder of the legal title, is on the party who asserts it. In case of a resulting trust arising from payment of the purchase money by one person and conveyance to another, the burden of proof, in *Page 23 
the first instance, is on the party claiming the trust, to prove that the purchase was made with money or assets furnished by or belonging to him. 39 Cyc. 152. The evidence upon which a court may go to establish a resulting trust must not only satisfy the burden of proof, but must be clear and convincing. Berla v.Strauss, 74 N.J. Eq. 678. Nothing short of certain, definite, reliable and convincing proof will justify the court, upon the theory of a resulting trust, in divesting Mrs. Hall of title to the mortgage and putting it in the estate. Vigne v. Vigne,98 N.J. Eq. 274. The evidence in the instant case fails to meet these requirements.
The decree of the Morris county orphans court is affirmed. *Page 24